### LEMBECK & BETZ EAGLE BREWING CO. v. HATCH et al.

(Supreme Court, Appellate Division, First Department. June 29, 1904.)

1. MORTGAGES—FORECLOSURE—POSSESSION OF PROPERTY—EVIDENCE.

Mortgages sought to be foreclosed transferred certain goods in schedule annexed, and it was alleged that a defendant was in possession of a portion of them. Defendant sold the goods to the mortgagor, and replevied a portion of them. The schedule annexed did not include the articles replevied, and it did not appear that the articles were delivered by defendant prior to the mortgage. *Held*, that a finding that the property in defendant's possession was covered by the mortgage was not sustained.

Appeal from Special Term, New York County.

Action by the Lembeck & Betz Eagle Brewing Company against Edward P. Hatch, impleaded, and others. From a judgment in favor of plaintiff, defendants appeal. Modified.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Emanuel J. Myers, for appellants.
Benjamin G. Paskus, for respondent.

INGRAHAM, J. This action was brought to foreclose three chattel mortgages, two of which were assigned to the plaintiff, and one was made directly to the plaintiff by the defendant Sexton. The relief demanded was for the sale of the property mortgaged, that the plaintiff be paid the amount due, and that the defendant Sexton be

.adjudged to pay any deficiency.  The complaint alleged that defendant Hatch holds in his possession part of the mortgaged property, namely, the goods and chattels described in the schedule annexed to the complaint, and that if the said defendant has any right, title, interest, or lien in the property described in the schedule, it had accrued subsequent to the lien of the mortgage.  The defendant Hatch, in his answer, denied all of the allegations of the complaint, except that the plaintiff was a corporation, and alleged that he sold the property described in the schedule annexed to the complaint to the defendant Sexton, and that such sale was induced by false and fraudulent representations of Sexton, upon which the defendant relied; that on the 22d day of August he demanded a return of the property from Sexton, and that thereafter, on the 22d day of August, 1896, he commenced an action of replevin in the City Court of the city of New York against the defendant Sexton, and on said date a writ of replevin in said action was issued to the sheriff of the city and county of New York, and a portion of the property mentioned and described in the schedule annexed to the complaint was replevied by the defendant Hatch under such writ of replevin, and the property was delivered to Hatch by the sheriff.

The court found the making of the mortgage; that it was a lien upon the property described in the complaint; that the defendant Hatch holds in his possession a part of the mortgaged property; that the interest of Hatch in the property was subject to the lien of the mortgage, and that the lien of that mortgage is prior to any lien of Hatch, and the right, title, interest, and lien, if any, which Hatch has in the property, accrued subsequent to the lien of the mortgage; and the court directed judgment for a foreclosure of the mortgage, and for a sale of the mortgaged property by a referee named in the judgment, and requiring the defendant Hatch to deliver to the referee the property specified in the judgment for the purpose of such sale. And upon this decision, judgment was entered.

It appeared from the evidence that Hatch sold and delivered the property specified in the judgment to Sexton; that the first delivery of these goods was made on April 24, and the last about July 24, 1896; that Sexton paid $300 on account, the amount of the bill being $1,771.97; that the plaintiff's mortgage was dated July 7, 1896, and by it Sexton sold and transferred to the plaintiff "all the goods and chattels hereunto annexed, together with all the leasehold interest and right of possession owned or claimed by me the party of the first part, in the premises hereinafter mentioned, and all other goods and chattels mentioned in the schedule hereunto annexed, and now in the Hotel and Saloon known and distinguished as Number 55 Whitehall street, New York City."  The schedule annexed to this mortgage does not, in terms, include the articles replevied by Hatch, and which the court found were in his possession, and there is no evidence to show that any of these articles that Hatch was ordered to deliver to the referee were delivered by Hatch to the plaintiff prior to the time that this mortgage was executed.  The only testimony as to the time these goods were delivered was that the first delivery was made on April 24th, and the last on the 24th of July, 1896.  One witness said

that he could tell by looking at a memorandum what goods were delivered to the defendant after the 7th of July, checked off on the bill which was delivered after the 7th of July, and the case then states that the court embraced all those goods within brackets, and marked that portion of the bill with his initials; but this bill does not appear to be in evidence, and there is nothing to show which goods the witness marked as having been delivered after the 7th of July. Upon this record, it is entirely impossible to determine that any of the property that had been delivered to Hatch was included in the property covered by the mortgage, or had been delivered by Hatch to Sexton, the mortgagor, prior to the execution of the mortgage. The plaintiff was entitled to maintain his action to foreclose the mortgage, but, upon this evidence, the finding that the property in Hatch's possession was covered by the mortgage was without evidence to sustain it.

I think that upon this appeal the judgment should be modified by striking out the provision which requires the defendant Hatch to deliver to the referee the property in his hands for the purpose of the sale under the judgment, and, as thus modified, the judgment should be affirmed, with costs to the defendant Hatch against the plaintiff. All concur.